**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

```
In re:                          )    Case No. 23-23817-B-7
                                )
MACIE WILCOX,                   )    DC No. PLC-1
                                )
                                )
                   Debtor(s).   )
_____)
```

**MEMORANDUM DECISION DENYING MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

**I.**

**Introduction**

Before the court is a *Motion for Contempt and Sanctions for Violation of the Automatic Stay by Jaimee A. Jones* filed by debtor Macie Marie Wilcox. The motion was filed on December 14, 2023, with a hearing date of January 30, 2024.[1] Docket 17. Jaimee A. Jones filed an opposition on January 16, 2024. Docket 26. No reply was filed as of the date of this memorandum decision, the time to do so has passed, and the evidentiary record is now closed. See Local Bankr. R. 9014-1(f)(1)(C).

The court has reviewed the motion, opposition, and all related declarations and exhibits. The court has also reviewed and takes judicial notice of the docket. See Fed. R. Evid. 201(c). Oral argument is not necessary and it will not assist in the decision-making process. See Local Bankr. R. 1001-1(f), 91040-1(h). The hearing on January 30, 2024, at 9:30 a.m. will

---

[1] The amended notice of hearing incorrectly states that the motion was filed, set, and served under Local Bankr. R. 9014-1(f)(2). See Docket 23. Since more than 28 days' notice was given, Local Bankr. R. 9014-1(f)(1) governs.

be vacated. The motion will be decided on the papers. See Fed. R. Civ. P. 43(c) as made applicable by Fed. R. Bankr. P. 9017 and Local Bankr. R. 9014-1(f)(1)(C).

The motion has absolutely no merit and it borders on being sanctionable. It fails to identify which provision of § 362(a) Ms. Jones violated when she sent the debtor a text message shortly after learning the debtor filed bankruptcy, supposedly to harass the debtor, which stated "You're such a piece of shit."[2] It is also not supported by any admissible evidence from which the court could conclude - or even infer - that Ms. Jones violated the automatic stay by sending the debtor the text message.

## II.

### Background

Aside from a screenshot of the text message itself and an unauthenticated email, the motion is supported only by the debtor's declaration which consists of three single-sentence paragraphs totaling seven lines of text that have nothing to do with the purpose or context of the text message. The declaration is also signed by the debtor but it identifies the declarant as "Jaimee A. Jones"- the individual accused of violating the automatic stay. The full text of the declaration is as follows:

   I, Jaimee A. Jones, declare:

---

[2]The court expresses no opinion as to whether the text message accurately describes the debtor as an individual or whether it is an accurate reflection of the debtor's personal "moral character."

- 2 -

1      1.   I am the Debtor in the above-entitled case. If called upon to testify, I would testify as follows:

2.   I filed my case on October 27, 2023 and Nikki Farris has been duly appointed to serve as Trustee.

3.   Exhibit B is a true and correct copy of a screenshot of the text message I received from Jaimee A. Jones on December 6, 2023.

Dated: December 11, 2023
                            /s/ Macie Wilcox
                            Macie Wilcox

Docket 19.

     The full extent of the debtor's statement of grounds on which the motion is based are, restated, as follows:

     1.   The debtor filed a voluntary chapter 7 petition on October 27, 2023.

     2.   The debtor owed a debt to Ms. Jones.

     3.   Ms. Jones is the plaintiff in a civil case against the debtor in the Solano County Superior Court, Case No. CU23-01892.

     4.   Ms. Jones' state court attorney (who is an employee of Ms. Jones' law firm) was informed of the debtor's bankruptcy filing and case number by a voicemail from debtor's attorney left at Ms. Jones' office on December 6, 2023, at approximately 10:50 a.m.

     5.   On December 6, 2023, at 11:01 a.m., Ms. Jones' attorney received a copy of the bankruptcy petition by e-mail sent by an employee at the office of the debtor's attorney.

     6.   On December 6, 2023, at 11:04 a.m., Ms. Jones sent the debtor a text message stating, "You're such a piece of shit."

     7.   On December 8, 2023, Ms. Jones was added to Schedule F as an unsecured creditor.

Docket 17.

     Ms. Jones does not dispute these facts. She does, however, offer additional context through unrebutted testimony in her

declaration. Docket 27.

According to Ms. Jones, she did not send the text message to the debtor as an attempt to collect a debt, to coerce payment of a debt, or with the expectation that it would result in the payment of any debt. Rather, she sent the text message out of disappointment and as an expression or her assessment of the debtor's personal "moral character."

For her part, the debtor is no stranger to the descriptive words used in the text message. Ms. Jones has observed the debtor uses similar vulgarities with regularity in both personal and professional settings.

### III.

### Discussion

As an initial matter, the motion fails to identify the specific provision of § 362(a) that Ms. Jones is accused of violating. Nevertheless, §§ 362(a)(2), (a)(3), (a)(4), (a)(5), (a)(7), and (a)(8) are easily excluded. That leaves only §§ 362(a)(1) and (a)(6). The court concludes that the text message violates neither. In other words, the text message is neither the continuation of a prepetition action or proceeding against the debtor nor is it an act or attempt to collect a prepetition debt from or recover on a prepetition claim against the debtor.

It has long been the law of this Circuit that harassing and coercive communications with a debtor violate the automatic stay when they occur in the context of an attempt to collect a prepetition debt. Morgan Guar. Tr. Co. of N.Y. v. Am. Sav. &

Loan Ass'n, 804 F.2d 1487, 1491 (9th Cir. 1986);³ see also Zotow v. Johnson (In re Zotow), 432 B.R. 252, 259 (9th Cir. BAP 2010). In other words, "[n]ot every communication is prohibited. Rather, prohibited communications are those which, based on direct or circumstantial evidence, are geared toward collection of pre-petition debt, *and* which are accompanied by coercion or harassment." In re Singh, 457 B.R. 790, 800 (Bankr. E.D. Cal. 2011) (citing Morgan & Zotow, emphasis added). "Statements simply providing information to a debtor are permissible communications that do not run afoul of the stay." Zotow, 432 B.R. at 258. Indeed, to hold otherwise would stray into the realm of *per se* violations of the automatic stay rejected in Keller, supra. See also Zotow, 432 B.R. at 258 ("Whether a communication is a permissible or prohibited one is a fact-driven inquiry which makes any bright line test unworkable.").

    The text message that Ms. Jones sent the debtor is not harassing or coercive but, even if it could be considered as such, based on Ms. Jones' declaration, which is the only admissible evidence of the context in which the text message was sent, it is not an act or attempt to collect a prepetition debt. In fact, according to Ms. Jones, there was zero expectation of

---

³The issue in Morgan was whether presentment of the debtor's bearer notes to a third party bank postpetition violated the automatic stay under § 362(a)(6). "Congress amended § 362 in 1985 to provide that presentment of a negotiable instrument is not a violation of § 362(a), as now codified in § 362(b)(11). However, we believe the Ninth Circuit's holding that mere requests for payment do not constitute a stay violation absent coercion or harassment relevant and is still good law." Keller v. New Penn Financial, LLC (In re Keller), 568 B.R. 118, 126 n.7 (9th Cir. BAP 2017).

1  payment associated with the text message.  The text message is
2  also not an attempt by Ms. Jones to coerce payment of a debt.
3  That the debtor herself is a frequent user of similar vulgarities
4  negates any inference that the text message could have offended
5  the debtor's sensibilities such that it could have shamed or
6  guilted the debtor into paying any debt.  And there is no basis
7  for finding that the text message is a continuation of a
8  prepetition judicial or other proceeding or action aimed at
9  collecting a debt or recovering a claim.

10       Significant here is that the text message does not state or
11 suggest that any consequence will befall the debtor or otherwise
12 flow from the communication.  For example, the text message does
13 not order the debtor to do anything, does not ask the debtor for
14 anything, does not demand anything from the debtor, and it does
15 not suggest or imply that anything will happen to the debtor, her
16 property, or property of the estate.  In this regard, the court's
17 statement in In re Barnes, 2020 WL 6928623 (Bankr. C.D. Cal. July
18 10, 2020), is instructive:

> While the Debtors argue the broad reach of the
> automatic stay, it would be unreasonable for the court
> to find that a communication containing no attempt to
> collect on a debt or threats to pursue further action
> was coercive or harassing to constitute a violation of
> the automatic stay based on the legal standard set
> forth in the *Morgan Guaranty Trust* case. In the Email,
> Respondents did not make demands on Debtors for payment
> or threaten to pursue further actions against Debtors
> if they did not settle.  Thus, the court determines
> that the statements made by Respondents to Debtors
> through their counsel in the Email were not harassing
> or coercive.

Id. at *4 (emphasis in original).

     Considering all the circumstances based on the record before

it, the court concludes that Ms. Jones' text message to the debtor falls into the realm of permissible communications meant only to convey information to the debtor.  To reiterate, the text message is not a prohibited act or attempt to collect or coerce payment of a prepetition debt- through the continuation of a judicial proceeding or otherwise.  On these points, Ms. Jones' testimony is admissible, persuasive, unrebutted, and it carries the day.

## IV.
## Conclusion

Based on the foregoing, the court concludes that Ms. Jones did not violate the automatic stay of 11 U.S.C. 362(a) by sending the debtor the referenced text message.  Thus, there is absolutely no basis for sanctions under 11 U.S.C. § 362(k) or otherwise.

An appropriate order will issue.

**Dated:** January 25, 2024

**Christopher D. Jaime, Judge**
**United States Bankruptcy Court**

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Peter L. Cianchetta
Cianchetta & Associates
3125 Dwight Road
Ste 300
Elk Grove CA 95758

James Richards
Jaimee A. Jones, PLC
160 S. 1st Street
Dixon CA 95620